Donald J. Sullivan, Esq.
WSB # 5-1485
Sullivan Law Offices, P.C.
2103 Evans Ave.
Cheyenne, WY 82001
(307) 634-0112



FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2022 MAR 18 PM 1:34

MARGARET BOTKINS, CLERK
CHEYENNE

## UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | | |
|---|---|---|
| MAUREEN KINKADE; and HARLEE KINKADE, a Minor, by her Mother and Next Friend MAUREEN KINKADE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 22-CV-61-R |
| vs. | ) ) | |
| HOFF COMPANIES, INC., an Idaho Corporation; and WILEY J. KERSH, | ) ) ) | |
| Defendants. | ) | COMPLAINT |

Plaintiffs, complaining against Defendant, allege:

### Introduction

1. On May 21, 2019, at approximately 6:45 in the morning, Defendant Wiley M. Kersh was negligently operating a tractor-trailer on the public highways of Wyoming, and in a generally northerly direction on US 85 near milepost 1 in Laramie County, Wyoming. Defendant Kersh negligently drove his vehicle at an excessive rate of speed and then and there caused and allowed it to collide with great force and violence into the passenger side of a vehicle being lawfully operated by Plaintiff Maureen Kinkade and occupied by Plaintiff Harlee Kinkade, who was and still is a minor.

## Jurisdiction and Venue

2. Plaintiff are citizens of Wyoming. Upon information and belief, Defendant Hoff Companies, Inc., is a corporate citizen of Idaho, and Defendant Kersh is a citizen of Colorado. There exists complete diversity of citizenship between Plaintiffs and Defendants. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The subject incident of this case is a motor vehicle collision, caused by negligence, which occurred in Wyoming; accordingly this Court has jurisdiction under 28 U.S.C. §1332(a)(1), and venue is proper in this Court under §28 U.S.C. 1391(b)(2).

3. At the time of the subject incident, Plaintiffs' vehicle was in the southbound lane and was going straight forward and uphill. Defendants' tractor-trailer was traveling in the northbound lane.

4. Defendants' tractor-trailer turned sideways in the road, occupied all of both lanes and upon information and belief some part of the areas adjacent to the roadway; and proceeded in a generally northerly direction while traveling sideways in a crab-like manner down the roadway. Defendants' tractor-trailer smashed into Plaintiffs' vehicle with great force and violence.

5. Upon information and belief, at all relevant times Defendant Kersh was acting in the course and within the scope of his employment as a truck driver with Defendant Hoff Companies, Inc., a multi-state trucking company which operates a fleet of tractor-trailer and similar vehicles upon the highways of the United States and of Wyoming.

6. Upon information and belief, the negligence of Defendant Kersh is attributed by law to Defendant Hoff Companies Inc., under the rule of *respondeat superior*, the law of agency, the law of apparent agent, and otherwise.

7. The negligence of Defendant Kersh - attributed by law to Defendant Hoff

Companies, Inc. - included, without limitation, the following:

    a) Failing to keep his vehicle under control;

    b) Causing and permitting his vehicle to go out of control;

    c) Operating his vehicle in a manner which was unsafe for the conditions;

    d) Operating his vehicle at a rate of speed which was unsafe for the conditions;

    e) Operating his vehicle at a rate of speed greater than permitted by law;

    f) Failing to maintain a proper lookout, or any lookout at all;

    g) Failing to yield the right of way;

    h) Failing to observe the other vehicles lawfully using and occupying the highway;

    I) Causing and permitting his vehicle to strike other vehicles;

    j) Improperly crossing the center line;

    k) Occupying multiple lanes of travel;

    l) Blocking and obstructing the highway and impeding other motorists' use of the highway; and

    m) other and diverse negligence in the circumstances.

8. Plaintiffs were both seriously injured in the collision and as a result thereof.

9. As a result of the negligence of Defendant Kersh, and in turn of Defendant Hoff Companies, Inc., each Plaintiff separately has been injured in diverse ways, including without limitation the following:

    a) Each Plaintiff has been rendered sick, sore, lame and disabled.

    b) Each Plaintiff has incurred substantial expenses for medical, hospital, therapeutic and associated care and will continue to incur such expenses in the future.

    c) Each Plaintiff has suffered or been put at risk of suffering a loss of wages and income, and/or a loss and diminution of earning capacity, both of which will continue in the future.

    d) Each Plaintiff has suffered physical pain, emotional suffering, and misery, all of which will continue in the future.

e) Each Plaintiff has suffered a loss of the enjoyment of life, which will continue in the future.

f) Each Plaintiff has suffered temporary total disability, and is suffering and will continue to suffer permanent partial disability, with the attendant loss and diminution of the function and utility of her body.

k) Upon information and belief, Plaintiff Harlee Kinkade has sustained injuries to her body which cannot be cured or adequately corrected and which, upon information and belief, will be long-term and probably lifelong.

l) Each Plaintiff further suffered great emotional suffering arising from the fear, grief and worry each experienced arising out of the involvement of the other in the subject incident.

m) Each Plaintiff has otherwise and generally been damaged in the premises.

WHEREFORE Plaintiffs and each of them demands judgment separately against Defendants for money damages, in separate amounts both above the jurisdictional threshold of this Court as shall be determined by the trier of fact and sufficient to compensate each Plaintiff fully for all her injuries and damages. Further and finally Plaintiffs demand judgment for all the lawful costs and disbursements of this action; and for all such further and additional relief as may be just and proper under the circumstances.

MAUREEN KINKADE; and HARLEE KINKADE, Plaintiffs, by:

_____
Donald J. Sullivan, Esq.
Sullivan Law Offices, P.C.
2103 Evans Ave.
Cheyenne WY 82001
(307) 634-0112
Attorney for Plaintiffs